FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. ORIGINAL
★ MAR 04 2010 ★
BROOKLYN OFFICE
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BOARD OF EDUCATION, MASSAPEQUA
UNION FREE SCHOOL DISTRICT,

                Plaintiff,

-against-

C.S., by her parent and natural guardian, R.S.,
and R.S., individually,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-5009 (FB)

*Appearances:*
*For the Board of Education:*
RANDY GLASSER, ESQ.
Guercio & Guercio, LLP
77 Conklin Street
Farmingdale, New York 11735

*For C.S. & R.S.:*
HAROLD JEFFREY MARCUS, ESQ.
Law Offices of H. Jeffrey Marcus, P.C.
5888 Main Street
Williamsville, New York 14221

**BLOCK, Senior District Judge:**

        The Board of Education of the Massapequa Union Free School District ("the District") seeks review of an administrative decision of the New York State Review Office ("the SRO") pursuant to the Individuals with Disabilities Education Improvement Act ("the IDEA"); the SRO found in favor of C.S. and her parent R.S. (collectively, "the Child"), and directed that the Child be classified as a student with an emotional disturbance entitled to special educational services. Currently before the Court are the parties' respective motions for summary judgment.

        The Court cannot determine, on the state of the record, whether the controversy remains a live one; according to the submissions of both parties, the Child has graduated high school and thus, as far as the Court can discern, is no longer a student in the District.

"It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal marks and citations omitted); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages . . . not merely at the time the complaint is filed.") (internal citations omitted).

The District's complaint, by way of relief, seeks a judgment "annulling each and every conclusion of law of the SRO, which is adverse to plaintiff; and finding that [the Child] should not be classified as a disabled student, including but not limited to being classified as a student with an emotional disturbance[.]" Compl. at 6.

In light of the Child's graduation from high school, and exit from the District's educational system, reversal of the SRO's findings would appear to have no consequence.

The District also claims money damages in the form of "reasonable attorneys' fees, costs, and disbursements reasonably incurred in their prior proceedings before the [Independent Hearing Officer] and SRO and in this litigation[.]" Compl. at 7 (Dec. 3, 2007). The Child makes a similar demand by way of a counterclaim. *See* Ans. at 4 (Feb. 22, 2008). Claims for money damages — including, in some circumstances, attorneys' fees and costs — "automatically avoid mootness, so long as the claim remains viable." *See Stokes v. Vill. of Wurtsboro*, 818 F.2d 4, 6 (2d Cir. 1987) (internal quotation omitted); *see also* 13C Wright, Miller & Kane, *Fed. Prac. & Proc.* § 3533.3 (3d ed. 2009) ("A damages claim suffices to avoid

mootness only if viable"; "[i]f the action is mooted before any decision on the merits . . . a statute that awards fees to the prevailing party does not justify decision on the merits in order to determine whether that party would have prevailed absent mootness.").

Therefore, in light of the Child's graduation from high school and presumptive exit from the District's educational system, the parties are ordered to address what claims remain justiciable apart from the dueling demands for attorneys' fees and costs.[1] The District shall file and serve a letter brief no longer than seven pages by March 12; the Child shall file and serve a responsive letter brief of similar length by March 19; and the District shall file and serve a reply letter brief no longer than three pages by March 24.

**SO ORDERED.**

s/Frederic Block<br>
FREDERIC BLOCK<br>
Senior United States District Judge

Brooklyn, New York
March 3, 2010

---

[1] Whether the District's claims are mooted has no bearing on the Child's claim for attorneys' fees and costs; the IDEA permits such awards to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(b)(i)(I). The Court will entertain a properly documented application for attorneys' fees and costs from the Child if the District's complaint is dismissed.